IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BYRON ALLEN, IDOC # B02272,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 11-1091-GPM |
| ) | |
| **JORGE MENTES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      Plaintiff Byron Allen, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Centralia Correctional Center ("Centralia"), brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by persons acting under color of state law. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

According to the allegations of Allen's pro se complaint, Allen was scheduled to be released from IDOC custody on mandatory supervised release (parole) on September 26, 2011.[1] Allen alleges that Defendant D. Junker, presumably an IDOC employee, used falsified information to obtain a warrant to hold Allen past his scheduled parole date. Allen charges also that Defendants Jorge Mentes and an unknown member of the IDOC's parole review board, abused their authority in declaring Allen a violator and refusing to release him on parole. Defendant Bart Toenisse, a field service worker for IDOC, allegedly failed to assist Allen in securing release from IDOC custody by, for example, helping to find Allen a home site to which Allen could be released on parole. Finally, Defendant Brad J. Robert, the warden of Centralia, is charged with unlawfully refusing to release

---

1. It is not entirely clear from the complaint where Allen was incarcerated when the events narrated in his complaint occurred, but the Court assumes that Allen was incarcerated at Centralia; Allen filed this action originally in the United States District Court for the Northern District of Illinois, whereupon the action was transferred from the Northern District of Illinois to this Court pursuant to 28 U.S.C. § 1406.

Allen on Allen's scheduled parole date. Allen currently is scheduled to be released on parole on September 26, 2012.[2] Allen, who appears to assert a claim for a violation of his right of due process, demands punitive damages in the amount of $200,000.

The obvious problem with Allen's claim for damages for the allegedly wrongful revocation of his parole is that it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Court held that to recover damages under 42 U.S.C. § 1983 for a constitutional violation due to conduct "whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove that the conviction has been reversed, expunged, or declared invalid. *Id.* at 486. Correspondingly, challenges to the length of a sentence cannot proceed as an action under Section 1983 unless and until the sentence is otherwise invalidated. *See id*. at 487. This rule prevents an "end-run" around habeas corpus procedures:

> [A] section 1983 suit for damages that would 'necessarily imply' the invalidity . . . of an inmate's conviction, or 'necessarily imply' the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence . . . . This 'favorable termination' requirement is necessary to prevent inmates from doing directly through damages actions what they could not do directly by seeking injunctive relief – challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute.

*Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (quoting *Heck*, 512 U.S. at 487) (other citations omitted). The rule of *Heck v. Humphrey* applies, of course, to parole revocations. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the

---

2. The Court can take judicial notice of information available on the official website of the IDOC. *See Bova v. U.S. Bank, N.A*., 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases). The IDOC's website shows Allen's current parole date.

prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (a Wisconsin prisoner could not maintain a Section 1983 claim against Arkansas law enforcement officers on the theory that they surrendered him to Wisconsin officers in denial of an opportunity to test the facial validity of the extradition demand through habeas proceedings under the Arkansas Uniform Criminal Extradition Act, Ark. Code Ann. § 16-94-201 *et seq.*, absent a showing that he was not, in fact, extraditable through proper procedures; such a showing, in turn, would necessarily imply the invalidity of his Wisconsin parole revocation following surrender by the Arkansas officers, which could not be shown through a Section 1983 suit); *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (*Heck* applies to cases premised "on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment, or disciplinary punishment for violation of a prison's rules"). A finding that Allen's parole was improperly revoked would necessarily imply the invalidity of his "conviction," that is, his parole revocation. Allen has not alleged that his parole revocation has been reversed or declared invalid. Thus under *Heck*, Allen cannot maintain a Section 1983 claim challenging the propriety of the revocation, and this case will be dismissed without prejudice. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996).[3]

---

3. The Court notes that the outcome of this case might be different were Allen not still in IDOC custody. *See DeWalt v. Carter*, 224 F.3d 607, 614-16 (7th Cir. 2000) (a prisoner who no longer is in custody and therefore has no habeas corpus remedy may bring an action for damages to challenge an allegedly unconstitutional confinement); *Hoard v. Reddy*, 175 F.3d 531, 533 (7th Cir. 1999) (same); *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999) (same). However, in this case, as already has been discussed, Allen remains in IDOC custody at Centralia at this time, so that the *Heck* bar applies to this suit.

To conclude, pursuant to 28 U.S.C. § 1915A(b)(1), the Court finds that Allen's complaint in this case fails to state a claim upon which relief may be granted. Therefore, this case is **DISMISSED**. Allen is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  December 21, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge